UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JAMES CARVER, individually and as President of the
Police Benevolent Association of the Police Department
of the County of Nassau, Inc.; POLICE BENEVOLENT
ASSOCIATION OF THE POLICE DEPARTMENT OF
THE COUNTY OF NASSAU, INC.; GARY LEARNED,
individually and as President of the Superior Officers
Association, Police Department, County of Nassau, Inc.;
SUPERIOR OFFICERS ASSOCIATION, POLICE
DEPARTMENT, COUNTY OF NASSAU, INC.;
GLENN CICCONE, individually and as President of the
Detectives' Association, Inc. of the Police Department of
the County of Nassau; and DETECTIVES' ASSOCIATION,
INC. OF THE POLICE DEPARTMENT OF THE
COUNTY OF NASSAU,

CV 12 3066

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D N Y

★   JUN 20 2012   ★

LONG ISLAND OFFICE

BIANCO, J.

LINDSAY, M

                            Plaintiffs,


                - against -


COUNTY OF NASSAU; EDWARD MANGANO,
in his official capacity as County Executive of
Nassau County; NASSAU COUNTY LEGISLATURE;
PETER SCHMITT, in his official capacity as Presiding
Officer of the Nassau County Legislature; and
GEORGE MARAGOS, in his official capacity
as Nassau County Comptroller,

                            Defendants.
-------------------------------------------------------------------X

Plaintiffs James Carver, individually and as President of the Police Benevolent

Association of the Police Department of the County of Nassau, Inc.; Police Benevolent

Association of the Police Department of the County of Nassau, Inc. ("PBA"); Gary Learned,

individually and as President of the Superior Officers Association, Police Department, County of

Nassau, Inc.; Superior Officers Association, Police Department, County of Nassau, Inc.

("SOA"); Glenn Ciccone, individually and as President of the Detectives' Association, Inc. of the Police Department of the County of Nassau; and Detectives' Association, Inc. of the Police Department of the County of Nassau ("DAI"), (collectively "Plaintiffs" or "Police Unions"), by their attorneys Greenberg Burzichelli Greenberg P.C., for their complaint, allege as follows:

## BACKGROUND

1.      This is an action for declaratory and injunctive relief arising out of Defendants' violation of Plaintiffs' fundamental Constitutional rights secured by Article I, Section 10 of the United States Constitution (the "Contracts Clause") and actions taken in excess of their statutory authority.  Plaintiffs seek a declaration that Local Law ("LL") 315/12, presented by County Executive Edward Mangano on or about April 30, 2012 and enacted by the Nassau County Legislature on May 21, 2012, and signed by County Executive Edward Mangano on or about June 19, 2012, will substantially impair existing collective bargaining agreements and is unconstitutional.  Plaintiff Police Unions seek a preliminary and permanent injunction against the implementation of LL 315/12.

2.      LL 315/12 purports to permit the County Executive to unilaterally authorize actions which only he deems necessary, including, among other things, (1) the imposition of furloughs, (2) the modification of collectively bargained agreements, (3) the freezing of base and/or supplemental wages for County employees, and 4) the reduction and/or elimination of employer contribution to health and other employee benefits.  These actions substantially impair Plaintiffs' contractual rights and the contractual rights of the employees that they represent in direct violation of the Contracts Clause of the Constitution.

3.      Further, the action by the Legislature in passing LL 315/12 was procedurally defective and in violation of the Nassau County Charter which requires that local laws must embrace "only one subject," that no local law shall be passed "until a public hearing thereon has

- 2 -

been had before such body," and that no local law shall be passed "except by at least ten affirmative votes of the County Legislature." Here, LL 315/12 embraces a multitude of subjects, denied the public a complete hearing before a vote was to be taken, and only nine affirmative votes of the County Legislature were properly assembled.

4.      Beyond this, LL 315/12 violated New York State Open Meetings Law, General Construction Law, and the Nassau County Charter in that it was enacted without public notice and without a quorum.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343. This Court has jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

6.      This Court is authorized to award Plaintiffs declaratory and injunctive relief pursuant to 28 U.S.C. §§2201 and 2202, Rules 57 and 65 of the Federal Rules of Civil Procedure, and its general legal and equitable powers.

7.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b). One or more of the Defendants is a resident of this District. In addition, a substantial part of the events or omissions giving rise to the claims herein occurred in this District. This Court has personal jurisdiction over each of the Defendants. Each of the Defendants has his or its principal place of business in the State of New York.

## THE PARTIES

8.      Plaintiff James Carver is the president of the Police Benevolent Association of the Police Department of the County of Nassau, Inc.

9.      Plaintiff Police Benevolent Association of the Police Department of the County of Nassau, Inc. is a public employee organization within the meaning of Section 201 of the Public

- 3 -

Employees' Fair Employment Act, Civil Service Law §200 et seq., commonly known as the "Taylor Law." The PBA is an incorporated not-for-profit association with its principal place of business in Nassau County and is the recognized exclusive collective bargaining representative of all uniformed Police Officers employed by the County of Nassau. It represents approximately 1,650 members in labor contract negotiations, contract administration and other matters. The PBA is party to a collective bargaining agreement with the County covering these employees.

10.     Plaintiff Gary Learned is the president of the Superior Officers Association, Police Department, County of Nassau, Inc.

11.     Plaintiff Superior Officers Association, Police Department, County of Nassau, Inc. is an employee organization recognized under the Taylor Law as the exclusive collective bargaining representative for the unit consisting of Superior Officers ranging from Sergeant through Assistant Chief of the Nassau County Police Department. The SOA represents approximately 350 members in labor contract negotiations, contract administration, and other matters. The SOA is party to a collective bargaining agreement with the County covering these employees.

12.     Plaintiff Glenn Ciccone is the president of the Detectives' Association, Inc. of the Police Department of the County of Nassau.

13.     The Detectives' Association, Inc. of the Police Department of the County of Nassau is an employee organization recognized under the Taylor Law as the exclusive collective bargaining representative for the unit consisting of Detectives employed by the County of Nassau. The DAI represents approximately 350 members in labor contract negotiations, contract administration, and other matters. The DAI is party to a collective bargaining agreement with the County covering these employees.

- 4 -

14.   Defendant County of Nassau (the "County"), is a political subdivision of the State of New York.  The County operates the Nassau County Police Department, which is comprised of approximately 2,400 Police Officers, Detectives and Supervisors and is one of the largest police forces in the State of New York.

15.   Defendant Edward P. Mangano is the duly elected Executive of the County of Nassau (the "County Executive").

16.   Defendant Nassau County Legislature (the "Legislature") is the legislative arm of the Nassau County government. It is comprised of one representative from each of the County's 19 districts.

17.   Defendant Peter Schmitt is the Presiding Officer of the Nassau County Legislature and has served in that capacity since on or about January 2010.

18.   Defendant George Maragos is the duly elected Nassau County Comptroller and serves as the fiscal manager for Nassau County.  He is responsible for implementing the at-issue Local Law.

## STATEMENT OF FACTS

19.   Plaintiffs PBA, SOA, and DAI are parties to collectively bargained agreements that set forth terms and conditions of employees for their represented County employees.  Such terms include, but are not limited to, salaries, wages, employee benefits such as medical insurance, and hours of work.  These collective bargaining agreements, which were constituted pursuant to New York State Civil Service Law, do not expire until December 31, 2015.

20.   On April 30, 2012, County Executive Edward Mangano proposed Local Law No. 315/2012 ("LL 315/12") and submitted it to the County Legislature for approval.

21.  LL 315/12 provides that "the County Executive, upon the issuance of an Executive Order invoking this Local Law, shall be authorized to take any action he deems necessary, including but not limited to, the following actions in order to create forty-million dollars in savings for the County," and thereafter lists a myriad of actions.

22.  Actions that would be authorized by LL 315/12 include, but are not limited to:

    a.   Relieve from duty any duty [*sic*] employees represented by a collective bargaining unit for one day per week;
    b.   Modify any County contracts;
    c.   Freeze base and supplemental wages for County employees; and
    d.   Reduce or eliminate employer contribution to employee benefits.

23.  The savings realized by LL 315/12 would be utilized "solely to finance tax certiorari judgments and settlements."

24.  As part of the stated legislative intent behind LL 315/12 was that this law was sought in response to "the refusal of the Legislative Minority to implement" the County Executive's multi-year financial plan which included provisions for so-called transitional financing of tax refunds as the County implemented the multi-year financial plan.

25.  On May 21, 2012, LL 315/12 was scheduled for a vote of the full legislature. Only 18 of the 19 County Legislators were in present in the Legislative Chamber for the day's proceedings. It was announced that Legislator Dennis Dunne was in another location in the building and would be participating from there.

26.  Throughout the day's proceedings, a voice was heard over the Legislative chamber's loud speaker saying "Dunne votes aye" or "Dunne votes yes", even when no vote was called.

27.  Presiding Officer Peter Schmitt began discussions over LL 315/12 and heard from County Attorney John Ciampoli.

28.     After speaking with Mr. Ciampoli, Presiding Officer Schmitt announced "We're going to conclude this hearing and I'm not calling a vote today." He further stated, "[w]e'll vote at another time" on LL 315/12.

29.     Although there were other speakers who sought to address LL 315/12, no further comments from the public were permitted on the matter and Presiding Officer Schmitt moved the Legislature's agenda along to address other business.

30.     At the conclusion of all other business, Presiding Officer Schmitt then called for a vote of the Legislature on LL 315/12 without permitting public comment.

31.     At this point in time, all nine Democratic members of the County's Legislature, constituting the Legislative Minority, protested the vote, refused to participate in the vote and exited the Legislative chamber.

32.     The nine remaining members of the County's Legislature, all Republicans and part of the Legislative Majority, voted in favor of passage of LL 315/12.

33.     Presiding Officer Schmitt further counted the voice he believed to be of Republican Legislator Dunne as the tenth affirmative vote in favor of LL 315/12.

34.     On June 19, 2012, County Executive Mangano approved, signed, and delivered LL 315/12 to the Clerk of the Legislature, resulting in the adoption of LL 315/12.

## AS AND FOR A FIRST CAUSE OF ACTION
### (U.S. Const. Contract Clause, Article I, § 10, Clause 1, and 42 U.S.C. § 1983)

35.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 34 above.

36.     The Contract Clause of the United States Constitution, Article I, § 10, Clause 1, provides "No State shall...pass any...Law impairing the Obligation of Contracts."

- 7 -

37.   The collective bargaining agreements, between the Plaintiffs Police Unions and Defendant County are contracts within the meaning of Article I, § 10.

38.   Pursuant to Plaintiffs' collective bargaining agreements, the County is contractually obligated to provide the Police Unions with the negotiated terms and conditions of employment including wages and other benefits.

39.   By passing Local Law 315/12, Defendants have impaired the contractual rights of the PBA, SOA, and DAI in violation of the Contract Clause (U.S. Const., Art. I, § 10, Cl. 1).

40.   By failing to consider alternatives to the passage of Local Law 315/12, Defendants have impaired the contractual rights of employees represented by the Unions.

## AS AND FOR A SECOND CAUSE OF ACTION
### (N.Y.S. Const., Article I, § 17 and Article 14, § 2(c))

41.   Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 40 above.

42.   Article I, § 17 of the New York State Constitution expressly grants employees "the right to organize and bargain collectively through representatives of their choosing."

43.   Article IX, § 2(c) of the New York State Constitution specifically prohibits local governments from enacting local laws that are "inconsistent with the provisions of [the] constitution or any general law."

44.   To the extent that Local Law 315/12 allows the County Executive to furlough, freeze wages and reduce or eliminate employer contributions to employee benefits for PBA, SOA, and DAI represented employees without negotiating with them, it exceeds the authority granted to local governments to enact local laws that are consistent with the constitution in violation of Article IX, § 2, and it prevents the employees represented by the Unions from

bargaining collectively through their chosen representative in violation of New York State Constitution, Article I, § 17.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Municipal Home Rule Law § 10)

45.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 44 above.

46.     New York State Municipal Home Rule Law § 10 prohibits local governments from adopting local laws that are inconsistent with the constitution or any general law.

47.     A "general law" is one "which in terms and in effect applies to all counties, all counties other than those wholly included within a city, all cities, all towns or all villages." (N.Y.S. Const, Art. IX, § 3(d)(1)).

48.     The Public Employees' Fair Employment Act, Article 14 of the New York State Civil Service Law, commonly referred to as the Taylor Law, is a general law enacted by the State Legislature for the purpose of promoting "harmonious and cooperative relationship between governments and its employees and to protect the public by assuring, at all time, the orderly and uninterrupted operations and functions of government" and specifically requires the state, local government and other political subdivisions to negotiate with recognized or certified employee organizations over terms and conditions of employment and to reach written agreements. (See generally N.Y.S. Civ. Serv. L. § 200).

49.     By enacting Local Law 315-12, which is entirely inconsistent with the Taylor Law as it abrogates the requirement that local governments negotiate with recognized or certified employee organizations over terms and conditions of employment and entering into written agreements over such, Defendants have exceeded the authority granted to local governments to

enact local laws that are not inconsistent with any general law in violation of New York State Municipal Home Rule Law.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Open Meetings Law § 103 and 104)

50.　　Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 49 above.

51.　　Article 7 of the Public Officers Law, entitled the Open Meetings Law, at § 103 (a) requires that "every meeting of a public body shall be open to the general public."

52.　　Further Open Meetings Law § 103 (c) requires that: " a public body that uses video conferencing to conduct its meetings shall provide an opportunity for the public to attend, listen and observe at any site at which a member participates."

53.　　Presiding Officer Peter Schmitt's closing and subsequent re-opening of the May 21, 2012 meeting of the Nassau County Legislature to all members of the general was inconsistent with § 103 (a) of the Open Meetings Law.

54.　　The alleged participation of Legislator Dunne by means other than live attendance or by videoconferencing at the May 21, 2012 meeting of the Nassau County Legislature was inconsistent with the requirements of Open Meeting Law § 103 (c).

55.　　Section 104(1) of the Open Meeting Law, entitled Public Notice, requires that: "public notice of the time and place of a meeting scheduled at least one week prior thereto shall be given to the news media and shall be conspicuously posted in one or more designated public locations at least seventy-two hours before such meeting."

56.　　Meetings Law § 104(2) requires the same public notice and conspicuous postings for "every other meeting…at a reasonable time prior thereto."

57.     After Presiding Officer Schmitt closed the hearing on May 21, 2012 concerning Local Law 315-12, he failed to provide the requisite public notice and posting as per § 104(1) before reopening the meeting to hold a vote on Local Law 315-12.

58.     Such failure to provide public notice and conspicuous posting in a timely manner was in violation of Open Meetings Law § 104 (1) and (2).

## AS AND FOR A FIFTH CAUSE OF ACTION
### (General Construction Law § 41)

59.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 58 above.

60.     General Construction Law § 41 which provides in pertinent part:

Whenever three or more **public officers are given any power or authority**, or three or more persons are charged with any public duty to be performed or exercised by them jointly or as a board or similar body, **a majority of the whole number of such persons or officers**, gathered together **in the presence** of each other **or through the use of videoconferencing**, at a meeting duly held at a time fixed by law, or by any by-law duly adopted by such board or body, or at any duly adjourned meeting of such meeting, or at any meeting duly held upon reasonable notice to all of them, **shall constitute a quorum and not less than a majority of the whole number may perform and exercise such power, authority or duty**. For the purpose of this provision the words "whole number" shall be construed to mean the total number which the board, commission, body or other group of persons or officers would have were there no vacancies and were none of the persons or officers disqualified from acting (emphasis added).

61.     On May 21, 2012 Defendants acted improperly when they proceeded to a vote on Local Law 315-12 without a majority of the legislators present or appearing via video conference.

62.     Defendants improperly counted Dennis Dunne's vote since he was neither in the presence of the other legislators or participating through video conference.   His alleged

participation via conference call or some alternative audio-only method did not satisfy the requirements of Section 41.

63.     Due to these facts, Defendants do not have the quorum required as required under § 41 of the General Construction Law.

64.     For all of the aforementioned reasons Local Law 315-12 is void because it was adopted without the necessary quorum.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Nassau County Charter § 152)

65.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 64 above.

66.     Section 150 of the Nassau County Charter provides that:

All the functions, powers, obligations and duties which by law are possessed by or vested in the board of supervisors of a county may be exercised by an elected county legislative body, by whatsoever name designated...All acts heretofore performed by such elected county legislative body shall be valid if and to the extent that they would have been valid if performed by the board of supervisors of such county.

67.     Thereafter, the Nassau County Charter provides that at § 152 (1) that "no such local law shall be passed except by at least ten affirmative votes of the County Legislature."

68.     As described above Legislator Dunne did not properly vote for Local Law 315-12, therefore the law only received nine affirmative votes and shall not be passed.

69.     Further County Law § 152(3) provides: "*All meetings of the board shall be public.*" Emphasis added.

70.     Defendants improperly held a meeting and conducted a vote related to Local Law 315-12 in private.  This meeting was not conducted as required by Nassau County Charter § 152(3) in public, and therefore the vote is void.

- 12 -

## REQUEST FOR RELIF

**WHEREFORE,** Plaintiffs respectfully request that this Court issue an order and judgment:

(a) Declaring that Local Law 315-12, authorizing the County Executive to take any and all actions he deems necessary to create forty-million dollars in saving for the County:

     i)     Impairs the contractual rights of PBA, SOA, and DAI represented Nassau County employees in violation of the Contract Clause of the United States Constitution.

     ii)    Constitutes a violation of Article IX, § 2, subdivision (c) of the New York State Constitution;

     iii)   Constitutes a violation of the New York State Municipal Home Rule Law § 10;

     iv)   Constitutes a violation of the New York State Open Meetings Law § 103, and 104;

     v)    Constitutes a violation of the New York State General Construction Law § 41; and

     vi)   Constitutes a violation of the Nassau County Charter § 152.

(b) Restoring the *status quo ante* by declaring that the unconstitutional and unlawful portions of the Local Law authorizing the County Executive to take any and all actions he deems necessary for creating forty-million dollars in cuts in labor costs and

expenditures for the County and all actions taken by the Defendants to implement or enforce said portions of Local Law 315-12, are void *ab initio*;

(c) Enjoining the Defendants, and all persons and entities acting in concert with them, from taking any further action to implement or enforce the unconstitutional portions of Local Law 315-12 authorizing the County Executive to take any and all actions he deems necessary for creating forty-million dollars in cuts in labor costs and expenditures for the County; and

(d) Awarding the PBA, SOA, and DAI attorneys' fees, costs, and other expenses incurred in prosecuting this lawsuit, and such other and further relief as this Court may deem just and proper.

Dated: Lake Success, New York
       June 19, 2012

                    Greenberg Burzichelli Greenberg P.C.


            By: _____
                    Seth H. Greenberg, Esq. (SG 4930)
                    Linda Keller, Esq. (LK 1620)

                    3000 Marcus Avenue, Suite 1W7
                    Lake Success, New York 11042
                    (516) 570-4343

- 14 -

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X
JAMES CARVER, individually and as President of the Police
Benevolent Association of the Police Department of the County
of Nassau, Inc.; POLICE BENEVOLENT ASSOCIATION                        CV-12-
OF THE POLICE DEPARTMENT OF THE COUNTY OF
NASSAU, INC.; GARY LEARNED, individually and as
President of the Superior Officers Association, Police Department,
County of Nassau, Inc.; SUPERIOR OFFICERS ASSOCIATION,
POLICE DEPARTMENT, COUNTY OF NASSAU, INC.;
GLENN CICCONE, individually and as President of the Detectives'
Association, Inc. of the Police Department of the County of Nassau;
and DETECTIVES' ASSOCIATION,INC. OF THE
POLICE DEPARTMENT OF THE COUNTY OF NASSAU,

                              Plaintiffs,


              - against -

COUNTY OF NASSAU; EDWARD MANGANO,in his official
capacity as County Executive ofNassau County; NASSAU COUNTY
LEGISLATURE: PETER SCHMITT, in his official capacity as Presiding
Officer of the Nassau County Legislature; and GEORGE MARAGOS,
in his official capacity as Nassau County Comptroller,

                              Defendants.
------------------------------------------------------------------------------X

## COMPLAINT

### GREENBERG BURZICHELLI GREENBERG P.C.

Attorneys for Plaintiffs

3000 Marcus Avenue, Suite 1W7
Lake Success, New York 11042
Telephone (516) 570-4343
Facsimile (516) 570-4348